# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **Mary Barath,** | ) | **CASE NO. 1: 17 CV 776** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **JUDGE PATRICIA A. GAUGHAN** |
| v. | ) | |
| | ) | |
| **Andrew D. Bemer,** | ) | <u>**Memorandum of Opinion and Order**</u> |
| | ) | |
| **Defendant.** | ) | |

## Introduction

*Pro se* Plaintiff Mary Barath has filed this *in forma pauperis* civil action against Defendant Andrew D. Bemer, the Law Director of the City of Rocky River (hereinafter, "Law Director" or defendant). Her complaint does not allege any identifiable legal claims or state any specific claim for relief. In her complaint, she alleges only that:

> for the last 10 years I have been discriminated, violated, and victimized by this Law Director. I am including all the supporting documents, including abuse - I have been asked to move!
>
> I am unable to receive the same services as other Senior Citizens. I live in fear. I was brutalized by the City Prosecutor when I had a minor accident. He would not allow me to leave until 5:00 P.M. in the afternoon, even though my automobile insurance was in order. This Mike O'Shea was shouting at me at the top of his lungs.

(Doc. No. 1.)

The "supporting documents" the plaintiff attaches to her complaint, however, are disorganized and unclear. On their face, they appear to suggest the plaintiff has made numerous

complaints over the years, of which none were found to have merit, about perceived harassment and discrimination by the defendant and others in Rocky River. It appears the plaintiff has complained, among other things, that she was mistreated and harassed by police, the prosecutor, and others in connection with a traffic case that was brought against her; that the City discriminated against her by failing to provide her senior transportation to doctors' appointments and other services; and that the defendant and others harassed her about selling her home and discriminated against her by allowing a fence to be built by her next-door neighbor.

The defendant has filed a motion to dismiss the plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(6), contending the complaint must be dismissed because it consists of "mere conclusions, labels, and speculative allegations without a basis to identify a cause of action and entitlement to relief." (Doc. No. 7 at 4.) In response, the plaintiff has filed a "motion to deny dismissal," simply stating that she opposes the dismissal of her action and would like her case to go forward. (Doc. No. 8.)

**Standard of Review and Analysis**

A complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) if it fails to state claim on which relief may be granted. To survive a Rule 12(b)(6) dismissal, a complaint "must present 'enough facts to state claim to relief that is plausible on its face'" when its factual allegations are presumed true and all reasonable inferences are drawn in the non-moving party's favor. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). That is, the plaintiff must set forth allegations sufficient to "raise a right to relief [against the defendant] above the speculative level." *Twombly*, 550 U.S. at 555. Further, although pleadings and documents filed

by *pro se* litigants are "liberally construed" and held to a less stringent standards than formal pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), *pro se* plaintiffs must still meet basic pleading requirements and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

The plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is granted. Upon review, however, the Court agrees with the defendant that the plaintiff's complaint fails to allege any plausible federal claim and must be dismissed pursuant to Rule 12(b)(6). Although the plaintiff may genuinely believe she has been discriminated against or harassed by the defendant in some way, her complaint – and the documents she submits with it – simply fail to support such a conclusion. Even liberally construed, the plaintiff's complaint and the materials she has submitted with it do not support a reasonable inference that the Law Director "discriminated" against, "violated," or "victimized" her in any way violative of a federal law.

## Conclusion

Accordingly, the defendant's motion to dismiss the plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. No. 7) is granted, the plaintiff's "motion" in response (Doc. No. 8) is denied, and this action is dismissed. The plaintiff's motion for appointment of counsel (Doc. No. 4) is also denied.

The Court further certifies, pursuant to 28 U.S.C. § 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                        /s/ Patricia A. Gaughan
                                        PATRICIA A. GAUGHAN
                                        United States District Judge
Dated: 9/27/17                         Chief Judge